IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MICHAEL BERNARD OLIVER,

                        Plaintiff,

    vs.                                     Civil Action No.
                                            6:03-CV-0361 (TJM/DEP)

JO ANNE B. BARNHART, Commissioner
of Social Security,

                        Defendant.

---

APPEARANCES:                                OF COUNSEL:

FOR PLAINTIFF:

MICHAEL BERNARD OLIVER, *pro se*

FOR DEFENDANT:

HON. GLENN T. SUDDABY                 WILLIAM H. PEASE, ESQ.
United States Attorney for the             Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

OFFICE OF GENERAL COUNSEL        BARBARA L. SPIVAK, ESQ.
Social Security Administration            Chief Counsel, Region II
26 Federal Plaza
New York, NY 10278                            KAREN T. CALLAHAN, ESQ.
                                                       Assistant Regional Counsel

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Plaintiff Michael Bernard Oliver, proceeding *pro se*, has commenced this action against the Social Security Administration Commissioner to challenge the agency's denial of his application in February of 1999 for child's insurance benefits based upon the death of his mother some thirty-five years earlier. Plaintiff maintains that his application, which was denied as unseasonal, should have been entertained since a timely application would have been filed on his behalf had it not been for receipt by his father from the agency of misinformation regarding his deceased mother's insured status.

Because the agency's denial of plaintiff's claim for survival benefits, which is based principally upon a finding that the governing provision excusing the late filing of benefits applications in cases such as this addresses only misinformation provided after December of 1982, and thus does not apply, is supported by substantial evidence, I recommend dismissal of plaintiff's complaint.

I.     BACKGROUND

The circumstances surrounding plaintiff's claim are simply stated

and, with one critical exception, not particularly controversial. Plaintiff was born on December 2, 1954, and at the time of the hearing in this matter was forty-seven years of age. Administrative Transcript at pp. 12, 26.[1] Plaintiff is not disabled. AT 27.

Plaintiff's mother, Norma T. Oliver, died on August 5, 1964; at the time of her death, plaintiff was nine years of age. AT 15, 16, 26. Although the record is unclear on this score, it appears that prior to her death, plaintiff's mother worked in an undisclosed position and received earnings subject to Social Security coverage. AT 18-19. It also appears that at the time of her death plaintiff's mother was fully insured, for purposes of benefits under the Social Security Act. *See*, *e.g.*, AT 62.

According to the plaintiff, after his mother's death either his father or an attorney, now deceased, working with the family made inquiry to the agency regarding the availability of Social Security survivors' benefits, but was told by an unnamed "social security official" that no benefits were payable since the plaintiff's mother had not yet acquired insured status. AT 16-20, 27. While plaintiff's father did not testify at the hearing

---

[1] Portions of the administrative transcript, Dkt. No. 9, which was filed by the Commissioner together with the agency's answer, will be cited in this decision as "AT ___."

conducted by the agency to address plaintiff's claim for benefits, an affidavit from him recounting the relevant events was offered; in that affidavit, plaintiff's father recalled being at his attorney's office when telephone calls were made to the agency, and being informed by his lawyer, based upon ensuing conversations with Social Security representatives, that his wife did not qualify for benefits.[2] *See* AT 37.

Upon investigating the matter, following plaintiff's relatively recent application for benefits, the agency was unable to locate any Social Security workers who could either verify or directly contradict the statements set forth in the affidavit from plaintiff's father, since all of the employees assigned to the office to which the inquiry would have been made prior to November, 1973 were either retired or deceased. AT 40. One agency employee, identified as having "worked the longest in [that] office," stated, however, that as far back as the 1970's any inquiry regarding an individual's insured status would not have been processed in the manner attributed by plaintiff's father in his affidavit; according to that employee, upon receipt of such an inquiry a certified earnings record would have been requested, taking an average of at least twenty-five days

---

[2] When questioned during the hearing regarding his father's absence, plaintiff stated that he had not asked him to appear and testify. AT 19.

to obtain, and would thereafter have been reviewed before a response would have been given. *Id.*

## II. PROCEDURAL HISTORY

### A. Proceedings Before The Agency

Plaintiff applied for child's insurance benefits, based upon the death of his mother, on February 8, 1999. AT 26-28. That application was denied, both initially and on request for reconsideration. AT 30-32, 57-58, 77-82.

At plaintiff's request, a hearing was conducted on June 12, 2002 before Administrative Law Judge ("ALJ") Carl E. Stephan to address the denial of plaintiff's application for benefits. *See* AT 12-25. Following the close of that hearing, at which plaintiff was not represented by counsel, ALJ Stephan issued a decision dated June 17, 2002 upholding the denial of benefits. AT 8-11. In his decision, based upon the evidence in the record, ALJ Stephan credited the agency's explanation that no information regarding the insured status of a deceased worker would have been given out over the telephone, without first conducting a sufficient study and analysis of the relevant, certified work records, and thus concluded that neither plaintiff's father nor his attorney had in fact received

misinformation from the agency regarding the insured status of plaintiff's mother. AT 10. The ALJ further concluded that in any event, because the provision excusing untimely benefits applications based upon the receipt of misinformation from the agency applies only to misinformation provided after December of 1982, even assuming that a misstatement was made in 1964 regarding the insured status of his mother there would be no basis for considering plaintiff's untimely application for benefits. *Id.* The ALJ's decision became a final determination of the agency when, on January 27, 2003, the Social Security Administration Appeals Council denied plaintiff's request for review. AT 2-3.

B. This Action

Proceeding *pro se*, plaintiff commenced this action on March 24, 2003. Dkt. No. 1. Issue was thereafter joined by the Commissioner's filing of an answer, accompanied by an administrative transcript of the proceedings before the agency, on July 24, 2003. Dkt. Nos. 8, 9. With the submission of plaintiff's brief on January 13, 2004, Dkt. No. 13, and the Commissioner's brief on October 23, 2003, Dkt. No. 10, this matter is now ripe for determination and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(I) and

Northern District of New York Local Rule 72.3(d).[3,4]  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

   A.   Scope Of Review

A court's review under 42 U.S.C. § 405(g) of a final decision by the Commissioner is limited; that review requires a determination of whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *Shaw v. Chater,* 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel,* 134 F.3d 496, 501 (2d Cir. 1998); *Martone v. Apfel*, 70 F. Supp.2d 145, 148 (N.D.N.Y. 1999) (Hurd, J.) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Where there is reasonable doubt as to whether the Commissioner applied the proper legal standards, her

---

[3]   This matter has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and amended and reissued by Chief District Judge Frederick J. Scullin, Jr. on September 19, 2001.  Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

[4]   A copy of plaintiff's brief, which was not submitted by him directly to the court clerk for filing, was obtained by the court from defendant's counsel.  Although plaintiff's brief is not signed, as required by Rule 11 of the Federal Rules of Civil Procedure, I have overlooked this technical defect in light of plaintiff's *pro se* status, and have considered its contents.

decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. *Martone*, 70 F. Supp.2d at 148. If, however, the correct legal standards have been applied and the ALJ's findings are supported by substantial evidence, those findings are conclusive, and the decision should withstand judicial scrutiny regardless of whether the reviewing court might have reached a contrary result if acting as the trier of fact. *Veino*, 312 F.3d at 586; *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988); *Barnett v. Apfel*, 13 F. Supp.2d 312, 314 (N.D.N.Y. 1998) (Hurd, M.J.); *see also* 42 U.S.C. § 405(g).

The term "substantial evidence" has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217 (1938)). To be substantial, there must be "'more than a mere scintilla'" of evidence scattered throughout the administrative record. *Id.*; *Martone*, 70 F. Supp.2d at 148 (citing *Richardson*). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record,

examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 715 S. Ct. 456, 464 (1951)). The substantial evidence rule applies to all facets of the Commissioner's determination, including as to when an application was filed or should be deemed to have been filed. *See, e.g., Thorp v. Apfel*, No. 97-CV-809,1998 WL 683767 at *2-*5 (W.D.N.Y. Sept. 17, 1998); *Vargo v. Secretary of Health & Human Servs.*, 913 F. Supp. 157, 159-60 (W.D.N.Y. 1995).

When a reviewing court concludes that incorrect legal standards have been applied, and/or that substantial evidence does not support the agency's determination, the agency's decision should be reversed. 42 U.S.C. § 405(g); *see Martone*, 70 F. Supp.2d at 148. In such a case the court may remand the matter to the Commissioner under sentence four of 42 U.S.C. § 405(g), particularly if deemed necessary to allow the ALJ to develop a full and fair record or to explain his or her reasoning. *Martone*, 70 F. Supp.2d at 148 (citing *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). A remand pursuant to sentence six of section 405(g) is warranted if new, non-cumulative evidence proffered to the district court should be

considered at the agency level. *See Lisa v. Secretary of Dep't of Health & Human Servs. of U.S.*, 940 F.2d 40, 43 (2d Cir. 1991). Reversal without remand, while unusual, is appropriate when there is "persuasive proof of disability" in the record and it would serve no useful purpose to remand the matter for further proceedings before the agency. *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Retirement Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Secretary of Health & Human Servs.*, 705 F.2d 638, 644 (2d Cir. 1983).

    B.    The Evidence In This Case

Entitlement to child's insurance benefits under the Act depends, *inter alia*, upon the filing of an application. 42 U.S.C. § 402(d)(1)(A); *see also* 20 C.F.R. § 404.603. Such an application must 1) be submitted on an application form as prescribed by the agency; 2) be completed and filed with the agency; 3) be signed by the claimant or someone filing the application on his or her behalf; and 4) reveal that, with certain exceptions, the claimaint is alive at the time of filing. 20 C.F.R. § 404.610. Survivor benefits are not payable for periods more than six months prior to the month in which an application for such benefits is filed. 42 U.S.C. § 402(j)(1).

Under this statutory and regulatory regime, an application filed in 1999 seeking survivor benefits based upon the death of an insured worker in 1964 would have been considered untimely. 42 U.S.C. § 402(j)(1). Some relief from the timeliness requirements under the Act is afforded, however, when such a delinquency results from misinformation generated by the agency. 20 C.F.R. § 404.633.[5] Significantly, that section

---

[5] That section provides, in relevant part, as follows:

> You may have considered applying for monthly benefits for yourself or for another person, and you may have contacted us in writing, by telephone or in person to inquire about filing an application for these benefits. It is possible that in responding to your inquiry, we may have given you misinformation about your eligibility for such benefits, or the eligibility of the person on whose behalf you were considering applying for benefits, which caused you not to file an application at that time. If this happened, and later an application for such benefits is filed with us, we may establish an earlier filing date under this section.

20 C.F.R. § 404.633(a). That section goes on to define misinformation as

> [i]nformation which we consider to be incorrect, misleading, or incomplete in view of the facts which you gave to the employee, or of which the employee was aware or should have been aware, regarding your particular circumstances, or the particular circumstances of the person referred to in paragraph(b)(2)(i) of the section.

20 C.F.R. § 404.633(c)(2).

addressing such misinformation provides that it "applies only to misinformation which [the agency] provided after December 1982" and, additionally, "is effective only for benefits payable for months after December 1982."  20 C.F.R. § 404.633(g).[6]

Plaintiff's judicial challenge to the denial of his otherwise untimely application, based upon the dissemination by the agency of misinformation, must be judged against the backdrop of well established authority casting upon plaintiff the burden to prove eligibility for benefits under the Act.  *Younger on behalf of Younger v. Shalala*, 30 F.3d 1265, 1267 (10th Cir. 1994).  That burden extends to plaintiff in a case such as this attempting to show that a "deemed filing date" should be permitted in light of the receipt of misinformation.  *See Thorp*, 1998 WL 683767, at *3.

Plaintiff's entitlement to the benefits he now seeks depends upon the filing by him of an application which was either timely, or filed under circumstances warranting that he be excused from the requirement of filing a timely application.  42 U.S.C. § 402(j); 20 C.F.R. § 404.633.  If a reason to excuse a late filing is provided, benefits cannot be paid for

---

[6] In December of 1982, plaintiff was twenty-eight years old, and thus no longer entitled to survivor benefits based upon the death of his mother.  42 U.S.C. § 402(d)(1).

periods earlier than the retroactive limit provided for under the Act for payment of such benefits. *See Morton v. Barnhart*, No. 02Civ.4166, 2003 WL 1856530, at *4 (S.D.N.Y. Apr. 22, 2003).

The ALJ's finding in this case that neither the plaintiff nor an authorized representative received misinformation from the agency, through controverted, is supported by substantial evidence in the record. More critically, even assuming the receipt of misinformation in or shortly after 1964, at the time of his mother's death, plaintiff nonetheless would not be entitled to avail himself of section 404.633, since that misinformation was given prior to December of 1982 and would therefore not affect benefits payable prior to that date.[7]  20 C.F.R. § 404.633(g).

## IV. SUMMARY AND RECOMMENDATION

It is apparent – and the Commissioner does not argue otherwise – that had a timely application for child's insurance benefits been filed, based upon the death of his mother, plaintiff would have received such

---

[7] Plaintiff claims that the invocation of such a cut-off date is discriminatory, based upon age. While such a regulatory feature might well impact older Social Security benefits applicants more significantly than their younger counterparts, this does not provide a basis to set aside a statutory or regulatory cut-off such as that included in section 404.633(g). *Martinez v. Bell*, 468 F.Supp. 719, 728 (S.D.N.Y. 1979) (citing *United States v. Kline*, 354 F.Supp. 931, 935 (M.D. Pa. 1972) and *Russo v. Shapiro*, 309 F.Supp. 385, 391 (D. Conn. 1969)).

benefits. Plaintiff did not make a timely application for such benefits, however, a fact attributed by him to receipt of misinformation from the agency, to the effect that his mother had not achieved insured status, instead filing a belated application for recovery of those benefits in February of 1999, some thirty-five years later. However sympathetic the court may be to plaintiff's circumstances, it appears from the record that the denial is consistent with governing legal principles and is supported by substantial evidence in the record. Accordingly, this court may not substitute its judgment for that of the Commissioner, but instead must find that plaintiff's complaint is subject to dismissal.

Based upon the foregoing it is hereby

RECOMMENDED that defendant's motion for judgment on the pleadings (Dkt. No. 10) be GRANTED, the Commissioner's determination denying plaintiff's application for benefits AFFIRMED, and plaintiff's complaint in this action DISMISSED in its entirety.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court within ten (10) days. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roland v. Racette*, 984 F.2d 85 (2d Cir. 1993).

    IT IS FURTHER ORDERED, that the Clerk of the Court serve a copy of this Report and Recommendation upon the parties by regular mail.

Dated:    November 29, 2005
              Syracuse, NY

*/s/ David E. Peebles*
David E. Peebles
U.S. Magistrate Judge

G:\socialsecurity\Oliver.wpd